**CHAMBERLIN v. CLARK BROS. et al.**

No. 11895.

United States District Court
S. D. California, Central Division.

March 30, 1951.

Albert J. Fihe, Burbank, Cal., for plaintiff.

Elwood S. Kendrick, Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

The above-entitled cause, heretofore tried, argued and submitted, is hereby decided as follows:

Upon the grounds set forth in the Comment to follow, judgment will be for the defendants that the plaintiff take nothing by the Third Amended Complaint. No attorney's fees are allowed, each side to pay its own costs.

Findings and judgment to be prepared by counsel for defendants.

### Comment

The action is for infringement of Letters Patent No. 2,236,053, issued on March 25, 1941, to a golf bag cart, seeking injunction, damages and an accounting.

The Complaint also contains a claim for unfair competition and seeks to prevent the use of the tradename "Kaddie Kart" or "K-Kart" as a designation for a golf bag cart, although this claim is not separately stated. Federal Rules of Civil Procedure, rule 8(e) (2), 28 U.S.C.A.

We dispose of this last matter by stating that no registered mark is involved. It is doubtful if the combination of the two words, either in their original form, or in their misspelled or corrupted form could be registered. Restatement, Torts, Secs. 721, 725. And there is no evidence in the record from which any inference can be drawn that the use of either of these names has become so closely associated with the plaintiff's product that the words have acquired a secondary meaning which the Court can protect. See, Brooks Bros. **v.** Brooks Clothing, D.C.Cal.1945, 60 F.Supp. 442, 450–451; Sunbeam Lighting Co. v. Sunbeam Corporation, 9 Cir., 1950, 183 F.2d 969, 972–973.

As to the main claim, the Court is of the view that the patent is valid and that Claim 4 of it is infringed. The claim reads: "4. A wheeled golf bag cart adapted to swing from a stable vertical immobile position to an inclined balanced and laterally stable mobile position with the center of mass over the wheels, comprising a body including a platform for the bottom of a golf bag adapted to rest on the ground when the cart is in immobile position, a rigid frame extending upwardly from the platform and a handle portion extending rearwardly from the frame at an obtuse angle thereto, means for securing the upper por-

tion of the golf bag to the body, a horizontal axle spaced rearwardly of said frame below said handle portion, wheels on the ends of the axle, and braces securing the axle to the bottom of the body, said rearward spacing of the axle from the frame being sufficient to bring the center of mass of the loaded cart over the wheels whenever the handle portion is moved to substantially horizontal position for swinging the platform off the ground whereby the cart can be readily brought into mobile position by one hand and moved with said hand upon application of forces substantially parallel to the, ground." (See Illustrative drawing attached as Appendix A).

A study of the prior art leads to the conclusion that, while the Caron device, to which the plaintiff has an exclusive and irrevocable license, is simple, it solved the problem of a golf bag cart, which could, without difficulty, propel a golf bag on golf courses with rugged terrain, and represents a patentable invention. The defendants' device infringes Claim 4 of this patent. The infringement is deliberate. However, I am forced by the decision of the Court of Appeals for the Ninth Circuit in McCullough v. Kammerer Corp., 1948, 166 F.2d 759, to deny relief.

■■ The Court there adopted the doctrine laid down by the Court of Appeals for the Third Circuit in National Lockwasher Co. v. George K. Garrett Co., 1943, 137 F.2d 255, and held that a licensing contract containing a provision whereby the licensee undertakes not to manufacture any devices other than those covered by the suit, is monopolistic; that such clause renders the agreement invalid and prevents the granting of any relief for infringement. The licensing agreement between the patentee and the plaintiff in this case contains the following clause: "The Licensees further agree that they will not directly or indirectly, enter into the leasing, manufacture or sale of any devices similar to the licensed device or competitive thereto so long as they operate under this license."

The leasing agreement, which the licensee executed with the individual golf courses for the use of the carts, contains this clause *in bold face type:* "It is also a condition of this contract that no similar article which might violate the Kaddie Kart's patents will be allowed on the golf course during the terms of this contract."

Standing alone, this clause does not go beyond the terms of the contract approved by the Supreme Court in Pick Manufacturing Co. v. General Motors Corp., 1936, 299 U.S. 3, 57 S.Ct. 1, 81 L.Ed. 4. However, it evidences, as does the clause in the license agreement between the patentee and the plaintiff, an intent to limit the manufacture and use of competitive carts, both patented and unpatented, of which, as the evidence shows, there are many on the market.

So the decision of the Court of Appeals for the Ninth Circuit, which is binding on me, forbids me granting any relief to the plaintiff, despite the fact that I am satisfied that the patent is valid and has been deliberately infringed.

■■ The application of McCullough v. Kammerer Corp., supra, to the facts in the case cannot be denied merely because the patentee *is not* a party to this suit as he was in the McCullough-Kammerer and National Lockwasher Co.-George K. Garrett Co. cases. The invalidity attaches to the contract, no matter who seeks to enforce it. The licensee here brings his suit pursuant to the broad powers given him by the patentee to control and prosecute infringement suits against others "who, in the opinion of the licensee, have infringed the above identified letters patent No. 2236053". So he stands in the shoes of the patentee and the suit is brought for their joint benefit.

■ And it is to be noted that in McCullough v. Kammerer Corp., supra, the licensee, Baash-Ross Tool Co., was one of the plaintiffs. And the Court specifically held that *neither was entitled to damages for infringement.* See, 166 F.2d page 764 of Opinion. The question of injunction was not involved in the decision because the patent had expired at the time the interlocutory judgment was rendered. But the doctrine which holds the contract invalid as against public interest calls for denial of any relief to anyone claiming under it.

APPENDIX

A

March 25, 1941.          S. U. CARON          2,236,053

GOLF BAG CART

Filed Oct. 23, 1939